IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BETTYE J. NOBLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:08cv124-CSC |
| | ) | (WO) |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. Introduction**

The plaintiff, Bettye J. Nobles ("Nobles"), applied for disability insurance benefits pursuant to 42 U.S.C. § 401, *et seq.*, and supplemental security income benefits pursuant to Title XVI, 42 U.S.C. § 1381, *et seq.*, alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. Nobles then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C. § 405(g) and § 1631(c)(3). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to entry

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

of final judgment by the United States Magistrate Judge. Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II. Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. § 404.1520, §416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker,* 651 F.2d 408 (5th Cir. 1981) (Unit A).

must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. Administrative Proceedings

Nobles was 65 years old at the time of the hearing before the ALJ. (R. 55.) She completed the tenth grade. (R. 56.) Nobles prior work experience includes working as a housekeeper. (R. 57.) Nobles alleges that she became disabled on November 29, 2005, due to shoulder, back, and knee pain, arthritis, dizziness, diabetes, high blood pressure, and headaches. (R. 57-58, 68, 75.) Following the hearing, the ALJ concluded that Nobles suffers from severe impairments of hypertension, Type II diabetes mellitus, and obesity, as well as non-severe impairments of status post appendicitis with appendectomy and wound care and back pain. (R. 37.) Next, the ALJ determined that Nobles has the residual functional capacity

to perform light work activity and that she is capable of performing her past relevant work as a housekeeper. (R. 44-45.) Accordingly, the ALJ concluded that Nobles is not disabled. (R. 47.)

## IV. Discussion

Nobles' sole contention is that the ALJ failed to fulfill the requirements of Social Security Ruling ("SSR") 82-62 when determining that she is able to return to her past relevant work as a housekeeper. Nobles' argument is as follows:

> The ALJ erred by not fulfilling the requirements of SSR 82-62 by failing to fully develop the evidence regarding the physical and mental demands of the claimant's past relevant work as a housekeeper and by failing to provide the detailed analysis and explanation in connection with his finding that the claimant's residual RFC indicated that the claimant was capable of performing her past relevant work as a housekeeper. The ALJ must fulfill the requirements of SSR 82-62 in determining that the claimant is capable of performing her past relevant work. *Davison v. Halter*, 171 F. Supp. 2d 1282, 1285 (S.D. Ala. 2001); *Bruet v. Barnhart*, 313 F. Supp. 2d 1338, 1346-47 (M.D. Fla. 2004). A proper determination of whether the claimant's RFC will allow the claimant to perform past relevant work must include a detailed description of the requirements of the past relevant work. *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987).

(Doc. No. 12, p. 2.)

While SSR 82-62 requires, in cases involving a mental or physical impairment, that care "be taken to obtain a precise description of the particular job duties" at issue, the ruling only requires that sufficient documentation be obtained "to permit a decision as to the individual's ability to return to such past work." It is the plaintiff's responsibility to demonstrate an inability to return to her past relevant work. *Lucas v. Sullivan* 918 F.2d 1567 (11th Cir. 1990).

4

Although Nobles relies on SSR 82-62 to assert that the ALJ erred in failing to fully develop the evidence or provide detailed analysis with respect to his finding that she is able to return to her past relevant work as a housekeeper, she points to nothing in the record indicating which requirements of her past relevant work she is unable to perform.

Moreover, while the ALJ has a duty to fully and fairly develop the record, the evidence in this case does not indicate that the plaintiff lacks the ability to perform work as a housekeeper. During the hearing, Nobles testified that, on an average day, she prepares breakfast and lunch, washes dishes, changes her bed, and mops and dusts the house. (R. 63-65.) She also stated that, on a regular basis, she cooks, irons, sweeps, mops, vacuums, washes clothing, makes the bed, and does grocery shopping. (R. 65-66.) Thus, the claimant's own testimony supports the ALJ's finding that she has the residual functional capacity to perform light work as a housekeeper. This court therefore concludes that the ALJ did not err as a matter of law and that the ALJ's decision to deny benefits is supported by substantial evidence. The Commissioner's decision is due to be affirmed. A separate final judgment will be entered.

Done this 5th day of February, 2009.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE